IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-00405-BNB

MAR 31 2006

RUSSELL E. FREEMAN,

GREGORY C. LANGHAM
CLERK

     Plaintiff,

v.

GARY WATKINS, F.C.F. Warden,
GLORIA MASTERSON, Assoc. Warden,
MICHAEL CLARK, Corr. Officer, Rec.,
LISA LEHN, Lieutenant,
CHARLES TAPPE, Hearing Chair Officer,
BRIAN BRADEN, Life Safety Coord.,
CHUCK DONLEY, Captain,
MARIA BORK, Corr. Officer,
DONNIE McCLURE, Corr. Officer,
DARRYL DIRECTO, Lieutenant,
BETTY RIGGIN, Lieutenant,
JOHN CARROLL, Case Manager III,
ROBERT LEWIS, Case Manager,
LARRY RIED, C.S.P. Warden,
CATHIE SLACK, Assoc. Warden,
RANDY FOSHE, Assoc. Warden,
ANGEL MEDINA,
ROBERT ALLEN, Assoc. Warden,
JOE ORTIZ, Exec. Dir. (D.O.C.),
LIEUTENANT DEPPE,
CATHIE HOLST, Law Librarian,
CHARLES GIGANTE, Captain Ch. #8, and
ANY AND ALL OTHER JOHN DOES, all severally and jointly in their official capacity,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Russell E. Freeman is a prisoner in the custody of the Colorado

Department of Corrections at the Centennial Correctional Facility at Cañon City,

Colorado.  Mr. Freeman initiated this action by filing *pro se* a Prisoner Complaint.  In an

order filed on March 8, 2006, the court directed Mr. Freeman to file his complaint on the current Prisoner Complaint form.  On March 28, 2006, Mr. Freeman filed a letter to the court in which he states that he submitted his only copy of the complaint to the court and that he needs a copy of his complaint in order to file an amended complaint on the proper form.  The clerk of the court will be directed to mail to Mr. Freeman the original complaint he filed with the court to initiate this action.  In addition to using the court's current complaint form, Mr. Freeman also will be directed to correct some substantive deficiencies with his complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient.  First, Mr. Freeman fails to assert specific facts in support of each of the claims he is asserting.  In addition, Mr. Freeman fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Freeman must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Freeman must clarify in his amended complaint how he has

2

exhausted administrative remedies for each claim that he asserts.  Pursuant to 42

U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under

. . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."  This

"exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v.

Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden

of pleading exhaustion of administrative remedies, Mr. Freeman must "either attach

copies of administrative proceedings or describe their disposition with specificity." *Id.* at

1211.  Section 1997e(a) also imposes a total exhaustion requirement on prisoners.

*See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).  Therefore, if

Mr. Freeman has not exhausted administrative remedies for each claim and for all of

the issues he raises in each claim, the entire complaint must be dismissed.

　　　　Mr. Freeman alleges in the complaint that he has filed a number of state court

actions challenging three prison disciplinary convictions.  However, he fails to

demonstrate that he has exhausted administrative remedies pursuant to the inmate

grievance procedure for all of the claims and issues he raises in this action.

Accordingly, it is

　　　　ORDERED that Mr. Freeman file **within thirty (30) days from the date of this

order** an amended complaint that complies with this order.  It is

3

FURTHER ORDERED that the clerk of the court mail to Mr. Freeman a copy of this order, the original complaint filed in this action, and two copies of the following forms:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Freeman submit sufficient copies of his amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Freeman fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 31, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00405-BNB

Russell E. Freeman
Prisoner No. 76566
Centennial Corr. Facility
PO Box 600
Canon City, CO 81215- 0600

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _3-31-06_

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk