IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00405-ZLW

RUSSELL EUGENE FREEMAN,

Plaintiff,

v.

GARY WATKINS, Warden F.C.F.,
GLORIA MASTERSON, Assoc. Warden,
MICHAEL CLARK, Corr. Officer, Rec.,
LISA LEHN, Lieutenant,
CHARLES TAPPE, Hearing Chair Off.,
BRIAN BRADEN, Life Safety Coord.,
CHUCK DONLEY, Captain,
MARIA BORK, Corr. Officer,
DONNIE McCLURE, Corr. Officer,
DARRYL DIRECTO, Lieutenant,
BETTY RIGGIN, Lieutenant,
JOHN CARROLL, Case Manager III,
ROBERT LEWIS, Case Manager,
LARRY RIED, Warden C.S.P.,
CATHIE SLACK, Assoc. Warden,
RANDY FOSHE, Assoc. Warden,
ANGEL MEDINA, Security Major,
ROBERT ALLEN, Assoc. Warden,
JOE ORTIZ, Exec. Dir. (D.O.C.),
LIEUTENANT DEPPE,
CATHIE HOLST, Law Librarian,
CHARLES GIGANTE, Captain, and
ANY AND ALL OTHER JOHN DOES, all severally and jointly in their individual and official capacities,

Defendants.

---

ORDER VACATING ORDER AND JUDGMENT OF DISMISSAL

---

Plaintiff Russell Eugene Freeman is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility at Cañon City,

Colorado. Mr. Freeman has filed *pro se* on May 9, 2006, a "Motion for Relief From Order and Judgment of Dismissal." The Court must construe the motion liberally because Mr. Freeman is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be granted.

Mr. Freeman initiated this action by filing a Prisoner Complaint on an outdated form. In an order filed on March 8, 2006, Magistrate Judge Boyd N. Boland directed Mr. Freeman to file his complaint on the current Prisoner Complaint form. On March 28, 2006, Mr. Freeman filed a letter to the Court stating that he needed a copy of his original complaint in order to file an amended complaint on the proper form. On March 31, 2006, in response to Mr. Freeman's March 28 letter, Magistrate Judge Boland entered an order directing the clerk of the Court to mail to Mr. Freeman a copy of his original complaint and directing Mr. Freeman to cure certain substantive deficiencies in addition to using the proper complaint form. Specifically, Magistrate Judge Boland ordered Mr. Freeman to allege specific facts in support of his claims, to allege specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations, and to clarify how he has exhausted administrative remedies for each claim he asserts. On April 7, 2006, Mr. Freeman filed an amended complaint on the proper form.

The Court reviewed the amended complaint filed on April 7, 2006, and determined that the amended complaint did not comply with Magistrate Judge Boland's March 31 order. Therefore, on April 27, 2006, the Court entered its Order and

2

Judgment of Dismissal in this action. The Court specifically dismissed the amended complaint and the action without prejudice for failure to demonstrate exhaustion of administrative remedies.

Mr. Freeman argues in the May 9 motion to reconsider that the Order and Judgment of Dismissal should be vacated based on excusable neglect. He specifically alleges that the April 7 amended complaint was filed in response to Magistrate Judge Boland's original March 8 order to use the proper complaint form and not in response to Magistrate Judge Boland's March 31 order that listed additional substantive deficiencies. Therefore, the Order and Judgment of Dismissal entered in this action will be vacated. Mr. Freeman will be given another opportunity to file an amended pleading in this action that complies with Magistrate Judge Boland's March 31 order. Mr. Freeman is reminded that the amended pleading must include specific facts in support of the claims asserted as well as specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations, and must clarify how Mr. Freeman has exhausted administrative remedies for each claim he asserts. Accordingly, it is

ORDERED that the "Motion for Relief From Order and Judgment of Dismissal" filed on May 9, 2006, is granted. It is

FURTHER ORDERED that the Court's Order and Judgment of Dismissal filed in this action on April 27, 2006, is vacated. It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to file an amended pleading as directed in this order. It is

FURTHER ORDERED that the action will be dismissed without further notice if Plaintiff fails to file an amended complaint that complies with this order within the time allowed.

DATED at Denver, Colorado, this 24 day of May, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00405-BNB

Russell E. Freeman
Prisoner No. 76566
Centennial Corr. Facility
PO Box 600
Canon City, CO 81215- 0600

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   5-25-06

                                              GREGORY C. LANGHAM, CLERK

                                              By: _____
                                                             Deputy Clerk