IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06-cv-00405-MSK-KMT

RUSSELL E. FREEMAN,

    Plaintiff,

v.

GARY WATKINS, F.C.F. Warden, and individually,
GLORIA MASTERSON, Associate Warden, and individually,
MICHAEL CLARK, Corr. Officer, Rec., and individually,
LISA LEHN, Lieutenant, and individually,
CHARLES TAPPE, Hearing Chair Officer, and individually,
BRIAN BRADEN, Life Safety Coord., and individually,
CHUCK DONLEY, Captain, and individually,
MARIA BORK, Corr. Officer,, and individually,
DONNIE MCCLURE, Corr. Officer, and individually,
DARRYL DIRECTO, Lieutenant, and individually,
BETTY RIGGIN, Lieutenant, and individually,
JOHN CARROLL, Case Manager III, and individually,
ROBERT LEWIS, Case Manager, and individually,
LARRY RIED, C.S.P. Warden, and individually,
CATHIE SLACK, Assoc. Warden, and individually,
RANDY FOSHEE, Assoc. Warden, and individually,
ANGEL MEDINA, Security Major, and individually,
ROBERT ALLEN, Assoc. Warden, and individually,
JOE ORTIZ, Exec. Dir. (D.O.C.), and individually,
LIEUTENANT DEPPE, individually,
CATHIE HOLST, Law Librarian, and individually,
CHARLES GIGANTE, Captain Ch. #8, any and all other John Does, all severally and jointly in their official capacity, and individually, and
ROBERT ALLEN, Assoc. Warden, and individually,

    Defendants.

## ORDER

This matter is before the court on plaintiff's "Motion for Court to Compel the Production of Documents" ("Motion" [Doc. No. 109, filed December 21, 2007]).[1] The defendants responded on January 11, 2008, filing "Defendant's Response to Plaintiff's Motion to Compel" [Doc. No. 119]. The court heard arguments of plaintiff and counsel for the defendants on March 3, 2008. For the reasons set forth more fully herein, the Motion [Doc. No. 109] is GRANTED in part consistent with the remainder of this Order.

The parties met and conferred by telephone in an effort to resolve the discovery disputes at issue in this case prior to the hearing on March 3, 2003. The following discovery issues have been agreed to by the parties. The court, having reviewed the parties' stipulations and being otherwise fully advised, therefore incorporates as the ORDER of this court the following agreed upon discovery provisions:

1. The plaintiff has requested production of certain audio cassette tapes. The defendants will provide copies of the requested cassette tapes to the plaintiff.

---

[1] The Request for Production of Documents referenced by the plaintiff was not attached to the Motion nor was it attached to the defendants' response. The court was therefore unable to review the language of the actual requests.

2. The plaintiff has requested a copy of a video-taped interview of himself concerning his transfer from the Freemont Department of Corrections facility. The defendants will provide a copy of the requested video tape to the plaintiff.

3. The plaintiff has asked for copies of certain "consent decrees." The defendants are unaware of the existence of any "consent decrees" which fit the parameters of the plaintiff's request however will produce the "consent decrees" if any are discovered.

4. The plaintiff has asked for certain portions of the 2003-2004 version of the Code of Prison Discipline. The defendants will produce copies of the requested materials.

5. The plaintiff has asked for certain "intake logs" involving any periods of isolation confinement of the plaintiff. The defendants will make a diligent and good faith effort to locate and produce the "intake logs" to the extent they exist, however such documents are not now and have not been in the possession of the individual defendants.

6. The plaintiff has asked for certain Executive Assignment Orders which the defendants believe are in the possession of the Department of Corrections for the State of Colorado headquarters in Colorado Springs, Colorado. The defendants will make a diligent and good faith effort to locate and produce the documents to the extent they exist, however such documents are not now and have not been in the possession of the individual defendants.

The court further notes that the defendants have sent a notice of deposition to the plaintiff requesting that he make himself available for deposition in this matter on January 24, 2008. Counsel for the defendants traveled to the Colorado State Penitentiary with a court reporter on the date set aside for the deposition and the plaintiff refused to participate in the deposition.

It is therefore ORDERED that the plaintiff will, upon receipt of an adequate notice of deposition pursuant to Fed. R. Civ. P. 30(b)(1), make himself available for deposition pursuant to Fed. R. Civ. P. 30(a)(1) for a period of time not to exceed seven (7) hours.

Dated this 6th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge