IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06-cv-00405-MSK-KMT


RUSSELL E. FREEMAN,

      Plaintiff,

v.

GARY WATKINS, F.C.F. Warden, and individually,
GLORIA MASTERSON, Associate Warden, and individually,
MICHAEL CLARK, Corr. Officer, Rec., and individually,
LISA LEHN, Lieutenant, and individually,
CHARLES TAPPE, Hearing Chair Officer, and individually,
BRIAN BRADEN, Life Safety Coord., and individually,
CHUCK DONLEY, Captain, and individually,
MARIA BORK, Corr. Officer,, and individually,
DONNIE MCCLURE, Corr. Officer, and individually,
DARRYL DIRECTO, Lieutenant, and individually,
BETTY RIGGIN, Lieutenant, and individually,
JOHN CARROLL, Case Manager III, and individually,
ROBERT LEWIS, Case Manager, and individually,
LARRY RIED, C.S.P. Warden, and individually,
CATHIE SLACK, Assoc. Warden, and individually,
RANDY FOSHEE, Assoc. Warden, and individually,
ANGEL MEDINA, Security Major, and individually,
ROBERT ALLEN, Assoc. Warden, and individually,
JOE ORTIZ, Exec. Dir. (D.O.C.), and individually,
LIEUTENANT DEPPE, individually,
CATHIE HOLST, Law Librarian, and individually,
CHARLES GIGANTE, Captain Ch. #8, any and all other John Does, all severally and jointly in
their official capacity, and individually, and
ROBERT ALLEN, Assoc. Warden, and individually,

      Defendants.

## ORDER

This matter is before the court on "Motion for Leave to Take the Defendants (sic) Written Depositions" (Doc. No. 139, filed March 20, 2008), "Motion for Enlargement of Time" (Doc. No. 143, filed April 7, 2008), "Motion for Court to Compel the Production of Documents" (Doc. No.145, filed April 7, 2008), and "Motion for Enlargement of Time" (#155, filed May 9, 2008).

The plaintiff has requested permission to take the defendants' depositions by written questions pursuant to Fed. R. Civ. P. 31. The latest time to conduct a deposition upon written question is governed by the court's scheduling order. Written discovery must be served such that responses are due before the close of written discovery. *See Summerville v. Local 77*, 369 F. Supp. 2d 648, 651 (M.D.N.C. 2005) (written deposition questions are treated like other written discovery, and must be served such that responses are due before the close of written discovery). In the scheduling conference held on October 18, 2007, Magistrate Judge Boyd N. Boland set the discovery cut-off date of January 31, 2008. (Doc. Nos. 97 and 98.) The discovery deadline was extended to April 6, 2008, during a status conference held before me on March 3, 2008. (Doc. No. 136.) There are twenty-three defendants in this case. This motion was filed on March 20, 2008 — just seventeen days prior to the extended discovery cutoff date of April 6, 2008. It is unreasonable for the plaintiff to request the written depositions of all twenty-three defendants only seventeen days prior to the discovery cutoff date. In addition, the plaintiff has failed to demonstrate that he was unable to obtain relevant and necessary information through

interrogatories or requests for production.  Furthermore, he has not indicated the nature of the

testimony he expects to elicit, nor has he explained why the testimony sought is relevant or

reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 29(b)(1).

Therefore, Plaintiff's Motion (#139) is DENIED.

Plaintiff seeks to compel the production of additional documents from Defendants.  (Doc.

No. 145.)  According to the Affidavit of Shana Millspaugh attached to Defendants' Response to

Plaintiff's Motion to Compel, the documents were provided to Plaintiff by hand-delivery on

April 3, 2008.  (Doc. No. 153.)  Therefore, Plaintiff's Motion to Compel (#145) is DENIED.

Plaintiff seeks an extension of time to complete discovery.  (Doc. No. 143.)  The

discovery cutoff was extended once by over sixty days.  (Doc. No. 136.)  Plaintiff requests a

further extension of another sixty days to allow "defendants to respond to the Plaintiff's

discovery requests" and to "prepare his handwritten depositions . . . requests for interrogatories .

. . and his request for admissions. . . ."  (Doc. No. 143, ¶ 4.)  Plaintiff has had ample time to

prepare any written discovery.  Plaintiff is well aware of the procedure for requesting written

discovery and, in fact, did prepare written requests for production of documents to which he

received responses.  In addition, Plaintiff's motion for extension of time was filed April 7, 2008,

one day after the discovery cutoff.  When an enlargement of time is sought after expiration of a

specified deadline, the movant must show that "the failure to act was the result of excusable

neglect."  Fed. R. Civ. P. 6(b).  The plaintiff does not acknowledge that the deadlines have

expired, nor does he establish excusable neglect.  Accordingly, Plaintiff's Motion (Doc. No. 143)

is DENIED.

Plaintiff has filed another motion for extension of time to complete discovery and to respond to Defendants' Motion for Summary Judgment. (Doc. No. 155.) To the extent Plaintiff is seeking to extend the discovery cutoff, the motion is DENIED for the reasons set forth above. To the extent Plaintiff is requesting an extension of time to respond to the Motion for Summary Judgment, the motion is GRANTED. Plaintiff shall file his response to Defendants' Motion for Summary Judgment no later than June 12, 2008.

Dated this 20th of May, 2008.

BY THE COURT:


s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge