IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00405-MSK-KMT

RUSSELL EUGENE FREEMAN,

        Plaintiff,

v.

GARY WATKINS, Warden F.C.F.,
GLORIA MASTERSON, Assoc. Warden,
MICHAEL CLARK, Corr. Officer, Rec.,
CHARLES TAPPE, Hearing Chair Off.,
BRIAN BRADEN, Life Safety Coord.,
MARIA BORK, Corr. Officer,
DONNIE McCLURE, Corr. Officer,
DARRYL DIRECTO, Lieutenant,
BETTY RIGGIN, Lieutenant,
JOHN CARROLL, Case Manager III,
ROBERT LEWIS, Case Manager,
LARRY RIED, Warden C.S.P.,
CATHIE SLACK, Assoc. Warden,
RANDY FOSHE, Assoc. Warden,
ANGEL MEDINA, Security Major,
ROBERT ALLEN, Assoc. Warden,
JOE ORTIZ, Exec. Dir. (D.O.C.),
LIEUTENANT DEPPE,
CATHIE HOLST, Law Librarian,
CHARLES GIGANTE, Captain,
VICKI JARAMILLO,
BEVERLY NICHOLS,
JO JIMINEZ,
KEVIN COVIN, and
ANY AND ALL OTHER JOHN DOES, all severally and jointly in their individual and official capacities,

        Defendants.

## OPINION AND ORDER GRANTING IN PART MOTION TO RECONSIDER

    THIS MATTER comes before the Court on Plaintiff Russell Eugene Freeman's Motion

to Vacate the Final Order Granting the Defendant's Summary Judgment in Part **(#285)**,[1] to which no response has been filed. Liberally construing Mr. Freeman's Motion, the Court construes it as a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(1). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

Mr. Freeman moves for relief from the Court's May 4, 2010 Order **(#281)**, which granted summary judgment to Defendants on a number of Mr. Freeman's claims. He argues that the Order did not address his claim regarding the confiscation of his personal property, that the Court should not have determined the Motion for Summary Judgment without conducting an evidentiary hearing,[2] that the Court determined the motion based on its own personal feelings rather than the law, that the Court failed to consider the conditions of his confinement in

---

[1] In construing Mr. Freeman's filings the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Mr. Freeman makes this argument both generally as to the entire Order and specifically with respect to the Court determination of his claims that his placement in administrative segregation constitute cruel and unusual punishment, that the Defendants conspired to violate his constitutional rights, and that he was denied equal protection of the laws.

2

combination in evaluating his Eighth Amendment claim, and that Ms. Jiminez should not have been deemed protected by qualified immunity because the Eleventh Amendment does not apply to claims against an official in his or her individual capacity.  Only the first argument

### III.  Background

Mr. Freeman initiated this action in March 2006, bringing several claims related to his incarceration in various Colorado penitentiaries.  The Defendants moved for summary judgment **(#237)** as to all claims.  On May 4, 2010, this Court granted the motion in part **(#281)**, granting summary judgment to the Defendants on many of Mr. Freeman's claims and denying as to a single claim.[3]  Mr. Freeman now moves for relief from this judgment on a variety of grounds, one of which is that the Court overlooked and did not address a claim.

The May 4, 2010 Order included a detailed factual recitation of all of Mr. Freeman's allegations,[4] which the Court incorporates herein by reference.

As to the claim not specifically addressed in that Order, the material facts, construed most favorably to Mr. Freeman are as follows.  In March 2004, Mr. Freeman was charged with

---

[3] Summary judgment was granted to the Defendants on Mr. Freeman's procedural due process claims regarding the disciplinary hearings held on March 17, 2010 and April 27, 2010; Mr. Freeman's claim that his placement in administrative segregation at either FCF or CSP constituted cruel and unusual punishment in violation of the Eighth Amendment; Mr. Freeman's claim that the Defendants conspired to violate his constitutional rights; Mr. Freeman's claim that he was denied equal protection of the laws; and Mr. Freeman's claim that he was denied access to the courts.  The Court concluded that Ms. Jiminez was entitled to qualified immunity for Mr. Freeman's claim that his right to privacy was violated when he was strip searched by a female guard.  The motion was denied with respect to Mr. Freeman's claim against Mr. Carroll for violation of his right to call witnesses at the July hearing.

[4] Mr. Freeman did not provide affidavits or other evidence in opposing the Defendants Motion for Summary Judgment.  In an effort to avoid entering a technical ruling against Mr. Freeman, the Court construed Mr. Freeman's pleadings, to the extent they were based on personal knowledge, as affidavits.

violating prison rules based on a physical incident between Mr. Freeman and another inmate. *See* 2d Amended Complaint at 4, filed at **#190**. Pending a disciplinary hearing on such charges, Defendant Charles Gigante "informed the plaintiff that it was decided that specific items of his personal and private property was [sic] going to be held pending the outcome of the disciplinary misconduct hearing"; he does not, however, specify the particular property that was confiscated. *See* Supplement to 2d Amended Complaint at 31, filed at **#191**. The disciplinary hearing was held on March 17, 2004 (the "March hearing"), at which Mr. Freeman was found to have violated prison rules and was disciplined with 30 days of administrative segregation. *See* 2d Amended Complaint at 3–4, filed at **#190**. It is unknown whether Mr. Freeman's unspecified personal property was returned to him after the disciplinary hearing. Mr. Freeman appealed this determination, but the conviction was affirmed. *See* Offender Appeal Form, filed in conjunction with Amended Complaint, filed at **#27-2**.

### IV.   Standard of Review

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider"; instead, the rules provide two options to a litigant subject to an adverse judgment: file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or file a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) governs when the motion for reconsideration is filed within 28 days of the judgment while Rule 60(b) governs all other motions. *See* Fed. R. Civ. P. 59(e).

In this case, Mr. Freeman's motion was filed more than 28 days after the Court's Order and is, therefore, governed by Rule 60(b). Rule 60(b) permits the Court to reconsider an order due to, *inter alia*, a substantive "mistake of law or fact" by the Court, Fed. R. Civ. P. 60(b)(1), *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), "newly discovered evidence that,

with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), or as a result of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Nevertheless, reconsideration under Rule 60(b) is extraordinary, and may be granted only in exceptional circumstances. *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor to present new arguments based upon law or facts that existed at the time of the original argument. *See FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991). In this case, as his arguments do not fit within any other provision, Mr. Freeman appears to argue that reconsideration is warranted by the catch-all provision of Rule 60(b)—"any other reason that justifies relief."

## V. Analysis

### A. The Previously Unaddressed Claim

First, Mr. Freeman contends that the Court did not address his Fifth Claim regarding the confiscation of his personal property prior to the March hearing.[5] Mr. Freeman is correct that the Order did not address this claim, but does so now.

In his Complaint, Mr. Freeman asserts a claim titled "Illegal Confiscation and

---

[5] Mr. Freeman also appears to argue that the Court did not address his claim regarding the loss of good time credits and the imposition of restitution following the July hearing. This claim, however, was fully addressed in the May 24, 2010 Order as a due process violation because the imposition of these penalties were related to his disciplinary charges, they were properly made pursuant to the due process clause rather than the Fourth Amendment. *See Winters v. Bd. of County Comm'rs*, 4 F.3d 848, 853–56 (10th Cir. 1993). This claim remains pending as against Mr. Carroll.

Destruction of Personal and Private Property." He attests[6] that prior to his March disciplinary hearing he was informed by Defendant Charles Gigante that "specific items of his personal and private property items was going to be held pending the outcome of the disciplinary misconduct hearing in violation of the rules, regulations, and procedures of the Colorado Department of Corrections."

The Fourteenth Amendment protects against the deprivation of "life, liberty, or property, without due process of law." For prisoners, however, this protection is significantly less than that guaranteed to free persons. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 121(10th Cir. 2009). A prisoner's property may be seized by a state employee acting without authorization or it may be seized pursuant to a state law or regulation. When the seizure is a random and unauthorized taking by a state employee, the due process clause requires only that there be an adequate, state post-deprivation remedy. *See Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994); *Freeman v. Dep't of Corr.*, 949 F.2d 360, 361 (10th Cir. 1991). Conversely, when the seizure occurs based on an established state procedure, a pre-deprivation hearing is required to meet due process restraints. *See Smith*, 23 F.3d at 341. deprivation or post-deprivation due process, there must be a showing that specific property was seized. Here, there is no such showing.

However, Mr. Freeman does not identify in the Complaint or any subsequent pleading, what specific property he is concerned about, that such was actually confiscated or "held", by whom, and if the property was "held" whether or not it was returned after the disciplinary hearing. In the absence of any showing as to these facts, the Court cannot find that Mr.

---

[6] As with the prior Order, the Court construes all of Mr. Freeman's allegations for which he has personal knowledge as if they were attested to in an affidavit.

6

Freeman's property was confiscated. Accordingly, summary judgment on this claim is granted in favor of Officer Gigante and the Colorado Department of Corrections.[7]

### B.   Other requests for reconsideration

Mr. Freeman first argues that the Court determined the Defendants' Motion for Summary Judgment without conducting an evidentiary hearing and, therefore, the entirety of the Order should be vacated so that the Court can conduct a hearing.[8] By its very nature, a Rule 56 motion does not involve an evidentiary hearing because its purpose is to ascertain whether there are genuine issues of material fact to be tried. Indeed, to survive a Rule 56 motion, a party need only demonstrate that he has sufficient, competent evidence to support his claim; he need not prove that the facts are as he contends they are—that determination is reserved for trial.

In response to the Motion for Summary Judgment, Mr. Freeman presented only his statements as evidence. The Court considered those statements for which he arguably had personal knowledge as evidence; and treated them as true. The Court found that this evidence was not sufficient to establish a *prima facie* showing for most of his claims. He offers no further evidence at this juncture.

Second, Mr. Freeman argues that the determination of the Defendants' Motion was based

---

[7] As Mr. Freeman's claim incorporates only allegations of conduct by Officer Gigante, an individual capacity claim is properly asserted only against Officer Gigante. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). As to the official capacity claim, it is equivalent to a claim against the Colorado Department of Corrections. *See Myers v. Okla. County Bd. Of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998).

[8] As noted *supra*, Mr. Freeman expresses displeasure about the lack of an evidentiary hearing as to the Court's entire Order as well as its specific determination of his claims regarding cruel and unusual punishment, conspiracy, and equal protection. The analysis of whether the lack of an evidentiary hearing warrants reconsideration of Mr. Freeman's claims, however, is the same with regard to any of Mr. Freeman's claims.

not on a reasoned analysis of the law and the facts on the record, but rather on the personal feelings and biases of the Court. The Court appreciates that Mr. Freeman is dissatisfied with the determination made, but absent a showing of evidence or law that was not considered, the Court's conclusion remains the same.

Next, Mr. Freeman argues that the Court failed to consider whether his punishments, when viewed in combination, amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 304–05 (1991) (noting that conditions may establish an Eighth Amendment violation in combination when each may not do so alone if they have a mutually enforcing effect). However, entry of summary judgment on this claim was not based on whether there was an objective violation, *i.e.*, whether the deprivation was sufficiently serious. *See Perkins v. Kan . Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). Instead, the Court assumed that Mr. Freeman's evidence was sufficient to establish an objective violation and focused its inquiry on whether Mr. Freeman had presented sufficient, competent evidence to establish the required subjective component of an Eighth Amendment claim, *i.e.*, whether the official(s) responsible for the conditions acted with a sufficiently culpable state of mind. *See id.* Under this prong, Mr. Freeman failed to provide any evidence that any of the Defendants knew about the conditions of his confinement. Because the Court's consideration of the conditions of Mr. Freeman's confinement (singly or in combination) is not relevant to whether the Defendants knew of such conditions, the Court's conclusion remains the same.

Finally, Mr. Freeman asserts that the Court mistakenly determined that his claim against Ms. Jiminez for invasion of privacy was barred by qualified immunity. He argues that Eleventh Amendment immunity does not apply to individual state officials being sued in their individual capacities for money damages. Mr. Freeman is quite correct. *See Tarrant Reg'l Water Dist. v.*

Case 1:06-cv-00405-MSK-KMT   Document 291   Filed 11/17/10   USDC Colorado   Page 9 of 10

*Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008).

However, the issue before the Court was not Eleventh Amendment immunity, but instead qualified immunity, which protects government officials who perform discretionary government functions from individual liability for civil damages. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Mr. Freeman has not presented any argument as to why qualified immunity is not applicable.

Having reconsidered its determination in light of Mr. Freeman's arguments, the Court declines to change its ruling.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff Russell Eugene Freeman's Motion to Vacate the Final Order Granting the Defendant's Summary Judgment in Part **(#285)** is **GRANTED** insofar as it seeks consideration of his claim for confiscation of personal property prior to the March disciplinary hearing but **DENIED** insofar as it seeks reconsideration of any other claim.

(2) **SUMMARY JUDGMENT IS GRANTED** in favor of the Officer Gigante and the Colorado Department of Corrections and against Mr. Freeman on his claim for confiscation of personal property prior to the March disciplinary hearing.

(3)     A Final Pretrial Conference is set for **January 26, 2011 at 9:00 a.m.** in Courtroom A901.  All provisions of the Court's Order at docket entry **#215** shall apply to the rescheduled hearing.

Dated this 17th day of November, 2010

                     **BY THE COURT:**

                     Marcia S. Krieger
                     United States District Judge