IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00405-MSK-KMT

RUSSELL EUGENE FREEMAN,

        Plaintiff,

v.

JOHN CARROLL, Case Manager III,

        Defendants.

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REINSTATING CLAIMS AGAINST DEFENDANTS CHARLES TAPPE, BRIAN BRADEN, AND BETTY RIGGIN**

THIS MATTER comes before the Court on Plaintiff Russell Eugene Freeman's Second Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) **(#298)**, to which the Defendants responded **(#305)**, and Mr. Freeman replied **(#309)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

**I.   Jurisdiction**

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**II.   Issue Presented**

Pursuant to Fed. R. Civ. P. 60(b), Mr. Freeman seeks reconsideration of the Court's grant of summary judgment to Defendants Charles Tappe, Brian Braden, and Betty Riggin on his claim for a due process violation during a disciplinary hearing in July 2004. Mr. Freeman contends that the Court mistakenly determined that he had not attested that these Defendants personally participated in denying him the opportunity to present witnesses at the hearing.

1

### III. Background

In this case, Mr. Freeman initially asserted a number of claims against multiple defendants based on actions taken during his incarceration at various prison facilities in the State of Colorado. By Order dated May 4, 2010 **(#281)**, the Court granted summary judgment to the Defendants on most of Mr. Freeman's claims. Mr. Freeman current motion for reconsideration deals exclusively with his claim against Defendants Tappe, Braden, and Riggin for violation of his due process rights during a prison disciplinary hearing. The facts upon which the Court made its ruling as to this claim were as follows:[1]

On July 1, 2004, while Mr. Freeman was housed at the Colorado State Penitentiary, a disciplinary charge was filed against Mr. Freeman by Maria Bork, a prison correctional officer, for assault and tampering with locks or security items. A hearing was held on July 6, 2004 before a disciplinary board consisting of Defendants Tappe, Braden, and Riggin. At this hearing, Defendant John Carroll, a case manager, was appointed to assist Mr. Freeman during the proceeding. Mr. Freeman informed Mr. Carroll that he wished to call certain witnesses in his defense, but Mr. Carroll did not tell the presiding board members about Mr. Freeman's proposed witnesses and no witnesses were ultimately presented. Mr. Freeman was found guilty and punished with 90 days loss of privileges, loss of 45 days of good time credits, and restitution in the amount of $1,626.20. Mr. Freeman appealed his conviction, arguing that he was denied the right to call witnesses, including Ms. Bork, his accuser. His conviction was affirmed by

---

[1] At the time that the Court granted summary judgment to the Defendants on this claim, Mr. Freeman was proceeding *pro se*. Accordingly, the Court construed his pleadings liberally and held him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction included deeming Mr. Freeman's factual assertions for which he had personal knowledge as being attested to in an affidavit.

Associate Warden Gloria Masterson.

In evaluating Mr. Freeman's due process claim, the Court noted that generally when a prison disciplinary hearing results in the loss of a liberty interest, including the loss of good time credits, the prisoner is entitled to certain procedural protections as part of the process. However, because disciplinary proceedings are not the same as a criminal prosecution, the process to which an inmate is entitled is not as comprehensive as that guaranteed to a criminal defendant. An inmate is entitled to (i) advanced written notice of the charges against him; (ii) the opportunity, if consistent with institutional safety and correctional goals, to call witnesses and present evidence in his defense; (iii) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (iv) that the conviction be supported by some evidence in the record. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)); *Mitchell v. Maynard*, 80 F.3d 1433, 1444–45 (10th Cir. 1996).

The Court determined that Defendants Tappe, Braden, and Riggin were entitled to summary judgment because they could not be held liable for failing to afford Mr. Freeman a procedural protection they were not aware he had requested. This determination was based on the Court's understanding that Mr. Freeman told only Defendant Carroll, his case manager, of his desire to call witnesses, *i.e.*, he did not state this intention to the disciplinary hearing board.

### IV. Standard of Review

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider;" instead, the rules provide two options to a litigant subject to an adverse judgment: file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or file a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241,

1243 (10th Cir. 1991). Rule 59(e) governs when the motion for reconsideration is filed within 28 days of the judgment while Rule 60(b) governs all other motions. *See* Fed. R. Civ. P. 59(e).

In this case, Mr. Freeman's motion was filed more than 28 days after the Court's Order and is, therefore, governed by Rule 60(b). Rule 60(b) permits the Court to reconsider an order due to, *inter alia*, a substantive "mistake of law or fact" by the Court, Fed. R. Civ. P. 60(b)(1), *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), or as a result of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, Mr. Freeman contends that relief from the judgment is warranted based on the Court's mistake of fact, *i.e.*, failure to consider a certain allegation in his Complaint.

## V. Analysis

The parties do not dispute that Mr. Freeman's Amended Complaint **(#190)** includes an allegation that "once the hearing commenced the Plaintiff requested of the board directly that his witnesses be present and defendant Charles Tappe just ignored the Plaintiff's request by waving him off 'stating we'll bet back to that later,' and proceeded with the hearing." Amended Complaint, at p. 10 **(#190)**. The parties also do not dispute that this factual allegation provides the exact assertion that the Court mistakenly determined was missing in Mr. Freeman's *prima facie* case against these Defendants and, therefore, upon which summary judgment was determined. Such as mistake—a mistake as to the evidence Mr. Freeman set forth as part of his *prima facie* case in opposition to a motion for summary judgment—is a "mistake of fact" warranting relief from a judgment pursuant to Rule 60(b). Accordingly, Mr. Freeman is entitled to relief from the Court's grant of summary judgment to Defendants Tappe, Braden and Riggin on Mr. Freeman's claim for denial of due process during his July 2004 disciplinary hearing.

4

The Defendants, however, argue that regardless of whether Mr. Freeman adequately attested that he presented his request for witnesses to the disciplinary board, the Court's grant of summary judgment was proper based on alternative reasoning. Essentially, they contend that summary judgment is appropriate because Mr. Freeman cannot demonstrate a different element of his *prima facie* case, namely that he had a protected liberty interest in good time credits such that procedural protections were required. Mr. Freeman responds that he did, in fact, have a liberty interest in the good time credits and, therefore, he was entitled to the procedural protections for prison disciplinary hearings.

As noted *supra*, when a protected liberty interest is at stake, prisoners are entitled a limited amount of process during a disciplinary hearing including advanced written notice of the charges; the opportunity, if consistent with institutional safety and correctional goals, to call witnesses and present evidence; a written statement of the evidence relied on and the reasons for the disciplinary action; and that the conviction be supported by some evidence in the record. *See Wolff*, 418 U.S. at 563–67; *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007). The Supreme Court case establishing these procedural protections was *Wolff*, which addressed whether procedural protections were required for revocation of good time credits that bestowed mandatory sentence reductions for good behavior. *See Wolff*, 418 U.S. at 546 n.6. *Wolff's* determination that procedural protections were constitutionally required was based on its conclusion that the loss of good time credits implicated a liberty interest. *See id.* This conclusion is only true, however, if the loss of good time credits will inevitably affect the duration of the prisoner's sentence. *See Sandin v. Conner*, 515 U.S. 472, 477 (1995).

In Colorado, good time credits generally do not result in a mandatory reduction in sentence; rather, they affect only a prisoner's parole eligibility date, *i.e.*, the date upon which the

parole board can make its discretionary determination as to a prisoner's release on parole. *See Jones v. Martinez*, 799 P.2d 385, 388 (Colo. 1990). Accordingly, prisoners in Colorado do not have a liberty interest in good time credits and, therefore, are not entitled to the procedural protections required by the due process clause as established in *Wolff*. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *Anderson v. Cunningham*, 319 Fed. App'x 706, 710 (10th Cir. 2009) (unpublished); *Lusero v. Welt*, 223 Fed. App'x 780, 784 (10th Cir. Mar. 27, 2007) (unpublished); *Revello v. Schissler*, 2010 WL 3239283, at *4 (D. Colo. Aug. 13, 2010) (unpublished).

There is a limited exception to Colorado's discretionary parole rule, however—for offenses committed between July 1, 1979 and July 1, 1985, parole is mandatory, *i.e.*, a prisoner must be paroled upon reaching his parole date as determined by deducting vested good time and earned time credits from his sentence. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990). Accordingly, for these prisoners the loss of good time credits implicates a liberty interest because it necessarily affects the length of their sentence. *See id.*; *Janke v. Price*, 124 F.3d 216 (Table), 1997 WL 537962 (10th Cir. Sept. 2, 1997) (unpublished).

In this case, Mr. Freeman is currently serving a prison sentence for crimes committed between July 11 and July 18, 1979. *See People v. Freeman*, 668 P.2d 1371, 1375 (Colo. 1983). His crimes fall squarely within the time period for which parole is mandatory. Accordingly, he has met his burden of showing that he has a liberty interest in good time credits that is protected under the due process clause.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff Russell Eugene Freeman's Second Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) **(#298)** is **GRANTED**.

    (2)    Mr. Freeman's claim for violation of his right to call witnesses in the July 2004 disciplinary hearing is **REINSTATED** as to Charles Tappe, Brian Braden, and Betty Riggin.

    (3)    Given this determination, the Final Pretrial Conference scheduled for Wednesday, March 9, 2011 at 10:00 a.m. is **VACATED**. The parties shall jointly contact chambers on or before Friday, March 18, 2011 to reschedule a Final Pretrial Conference.

Dated this 3rd day of March, 2011

                                    **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                    Marcia S. Krieger
                                    United States District Judge